Carol KONITS, Plaintiff–Appellant,

v.

VALLEY STREAM CENTRAL HIGH SCHOOL DISTRICT, Board of Education of the Valley Stream Central, Ronald D. Valenti, individually and as District Coordinator, Dean Karahalis, individually and as District Coordinator, Robert E. Kaufold, individually and as Principal of Memorial Junior High School, Grace Kerr, individually and as Chairperson, Defendants–Appellees.

Docket No. 04–2106–CV.

United States Court of Appeals, Second Circuit.

Argued Nov. 18, 2004.

Decided Jan. 7, 2005.

Dennis A. Bengels, Garden City, NY, (Sharon Cerelle Konits, Plainview, NY, co-counsel), for Plaintiff–Appellant.

Lewis R. Silverman, NY, N.Y. (Tania M. Torno, Rutherford & Christie, LLP, of counsel), for Defendants–Appellees.

Before OAKES, CALABRESI, and STRAUB, Circuit Judges.

OAKES, Senior Circuit Judge.

Carol Konits, a music teacher, sued the school district where she works, alleging principally retaliation in violation of the First Amendment for filing a prior suit against the same defendants in 1996. The 1996 action, which settled during trial, alleged retaliation against Konits for assisting another employee of the school district in her suit for gender discrimination. The Eastern District of New York, Thomas C. Platt, *Judge*, granted summary judgment to the defendants, finding that the 1996 lawsuit did not involve speech on a matter of public concern, and, therefore, Konits could not establish a retaliation claim. We disagree that Konits's 1996 suit was not speech on a matter of public concern. Accordingly, we vacate the grant of summary judgment on Konits's retaliation claim and remand to the district court for further proceedings.

## BACKGROUND

Konits is a tenured music teacher in the Valley Stream Central High School District ("the District"). In 1996, she filed a lawsuit against the District, its Board of Education, and several administrators (collectively "the 1996 defendants") alleging that she had suffered a series of adverse personnel actions in retaliation for assisting Marie Kenny, a custodial worker for the District, in bringing an action for gender discrimination in employment. Konits (1) helped Kenny in filing internal complaints with the District; (2) referred Kenny to Konits's sister, a lawyer who then represented Kenny in an EEOC complaint and federal lawsuit against the District; and (3) was listed as a witness for Kenny in Kenny's federal action. Konits alleged that during the time she provided this assistance to Kenny, the 1996 defendants subjected her to a series of retaliatory actions, including removal as orchestra teacher and conductor, reassignment to general music teacher in special education, and deprivation of seniority rights.

Konits's 1996 action survived a motion for summary judgment and proceeded to trial. In denying the 1996 defendants' motion for summary judgment, the district court found that there was an issue of fact regarding "whether the School District's adverse personnel action against plaintiff was in retaliation for her assisting Ms. Kenny." It therefore allowed Konits's claims for First Amendment retaliation and Title VII retaliatory discrimination to go forward. The case was ultimately settled at trial in July 1999.

Konits alleges that, after the settlement, adverse treatment by the defendants continued in that between July 1999 and September 2001, when the instant action was filed, Konits applied for, but was not hired for, several band and orchestra positions. The interviewing and hiring committees for all these positions consisted of two of the individual defendants in the 1996 action. Konits also alleges that she suffered a variety of other hostile actions and derogatory comments during that period.

In response to her treatment by the defendants, Konits filed the instant action pursuant to 42 U.S.C. § 1983 against the same defendants named in the 1996 action plus two additional administrators. Konits's complaint alleges retaliation in violation of the First Amendment and deprivations of equal protection and due process under the Fifth and Fourteenth Amendments as well as state law claims. The defendants subsequently moved for summary judgment on all the claims.

On March 2, 2004, the district court granted summary judgment to the defendants. It found that Konits's "1996 lawsuit was not speech on a matter of public concern" and, therefore, Konits could not establish her retaliation claim. It also found that Konits offered no evidence beyond her own statements to support her Equal Protection claim, and that she had no protectible interests sufficient to make out a claim under the Due Process Clause. In light of these conclusions, the district court found no municipal liability and no need to reach the question of qualified immunity. It also declined to exercise supplemental jurisdiction over Konits's state law claims.

Konits has now appealed the dismissal of her First Amendment claim.[1]

## DISCUSSION

█ We review *de novo* the district court's grant of summary judgment, resolving all ambiguities and drawing all permissible factual inferences in favor of Konits as the non-moving party. *See Feingold v. New York*, 366 F.3d 138, 148 (2d Cir. 2004). In determining whether issues of material fact exist in a discrimination case where the employer's state of mind is at issue, we affirm sparingly a grant of summary judgment because "careful scrutiny of the factual allegations may reveal circumstantial evidence to support the required inference of discrimination." *Graham v. Long Island R.R.*, 230 F.3d 34, 38 (2d Cir.2000).

█ In order to establish a First Amendment claim of retaliation as a public employee, Konits must show that "(1) h[er] speech addressed a matter of public concern, (2)[s]he suffered an adverse employment action, and (3) a causal connection existed between the speech and the adverse employment action." *Cobb v. Pozzi*, 363 F.3d 89, 102 (2d Cir.2003). Whether speech addresses a matter of public concern is a question of law to be " 'determined by the content, form, and context of a given statement, as revealed by the whole record.' " *Johnson v. Ganim*, 342 F.3d 105, 113 (2d Cir.2003) (quoting *Connick v. Myers*, 461 U.S. 138, 147–48, 103 S.Ct. 1684, 75 L.Ed.2d 708 (1983)).

We have noted that if the basis for a First Amendment retaliation claim is a lawsuit, the subject of the lawsuit must touch upon a public concern. *Cobb*, 363 F.3d at 105–06. Here, Konits claims that she was retaliated against for filing her 1996 action, which complained of retaliation for assisting Marie Kenny with a gender discrimination claim. In essence, Konits argues that she was subjected to ongoing retaliation as a result of her assistance to Kenny—retaliation that did not end with the settlement of her first action but that continued until at least the time she filed her second action. Thus, if Konits's 1996 lawsuit addressed a matter of public concern, the public concern requirement would be met for her current lawsuit as well.

---

1. Konits mentions in her reply brief that the issues of municipal liability, qualified immunity, and her pendent state law claims are related to the facts of her retaliation claim. We agree, and therefore direct the district court to reconsider these issues on remand.

When the district court considered Konits's claim in 1996, it found an issue of fact sufficient to defeat a motion for summary judgment: whether the School District's adverse personnel action against Konits was in retaliation for her assisting Ms. Kenny. We therefore find curious its conclusion in 2004 that the 1996 lawsuit was not speech on a matter of public concern.

■ Gender discrimination in employment is without doubt a matter of public concern. *See, e.g., Flamm v. Am. Ass'n Of Univ. Women,* 201 F.3d 144, 150 (2d Cir. 2000) ("Gender discrimination is a problem of constitutional dimension, and the efforts .... to combat it clearly relate to a matter of public concern."). Indeed, we have held repeatedly that when a public employee's speech regards the existence of discrimination in the workplace, such speech is a matter of public concern. *See, e.g., Feingold,* 366 F.3d at 160 (finding that complaints suggesting that fairness, impartiality, and productivity of a DMV office may have been compromised by the discriminatory conduct of other ALJs were "clearly matters of public concern"); *Mandell v. County of Suffolk,* 316 F.3d 368, 383 (2d Cir.2003) (finding that testimony criticizing police department's racism and anti-Semitism had to do with "matters of public concern"). As in *Mandell* and the case at bar, speech is of particular public concern when it involves actual or potential testimony in court or in administrative procedures. Protection of the courts' interest in candid and truthful testimony, coupled with the rights of discrimination victims to seek protection in legal action, makes testimony or prospective testimony in discrimination suits a matter of particular public interest. *See Marshall v. Allen,* 984 F.2d 787 (7th Cir.1993); *see also Curtis v. Oklahoma City Public Sch. Bd. of Educ.,* 147 F.3d 1200 (10th Cir.1998) (the district court held, and the court of appeals did not

contest, that testimony offered during hearings and grand jury investigations into racial discrimination and desegregation initiatives is of "public concern"); *Johnston v. Harris Flood Control Dist.,* 869 F.2d 1565, 1578 (5th Cir.1989) (retaliation against those who testify on behalf of others in discrimination hearings "would chill the employees' willingness to testify freely and truthfully and would obstruct the [administrative tribunal's] path to the truth"); *cf. Pro v. Donatucci,* 81 F.3d 1283, 1290–1291 (3rd Cir.1996) (employee's testimony against employer at employer's divorce proceeding was of "public concern" based on public interest in preserving court's access to truthful testimony). According to her complaint, Konits was identified as a witness for Kenny in Kenny's lawsuit against the District. If Konits can prove that being so identified was a partial motivation for the retaliation she alleges that she suffered, then her First Amendment claim would certainly lie.

■ Prior to our decision today, there was a split among the district courts in this Circuit as to whether retaliation based on identification as a witness in a fellow employee's discrimination suit could give rise to a First Amendment cause of action. *Compare Nonnenmann v. City of New York,* 174 F.Supp.2d 121, 136 (S.D.N.Y., 2001), with *Catletti v. County of Orange,* 207 F.Supp.2d 225, 229 (S.D.N.Y., 2002). By our decision today, we resolve this split and hold that any use of state authority to retaliate against those who speak out against discrimination suffered by others, including witnesses or potential witnesses in proceedings addressing discrimination claims, can give rise to a cause of action under 42 U.S.C. § 1983 and the First Amendment. To the extent that *Nonnenmann* holds otherwise, it is overruled.

■ Because Konits's 1996 lawsuit was predicated on speech about gender dis-

crimination against a fellow employee that directly implicated the access of the courts to truthful testimony, we cannot agree with the district court that it "centered around issues solely related to [her] personal dissatisfaction with the terms and conditions of her employment." The motive of Konits in speaking out on Kenny's behalf was not to "redress personal grievances" but rather "had [the] broader public purpose" of assisting Kenny to redress Kenny's claims of gender discrimination. *Lewis v. Cowen,* 165 F.3d 154, 163–64 (2d Cir.1999). We therefore hold that the 1996 lawsuit was speech on a matter of public concern. *See Thomas v. City of Beaverton,* 379 F.3d 802, 809, 811 (9th Cir.2004) (finding that speech disapproving of the discriminatory treatment of another employee is speech on a matter of public concern).

Because the district court held that Konits's lawsuit was not speech on a matter of public concern, it did not address the other two requirements for establishing a First Amendment retaliation claim, namely, whether Konits suffered an adverse employment action and whether a causal connection existed between the speech and the adverse employment action. We therefore remand this case to the district court for further proceedings on Konits's retaliation claim and for the related reconsideration of Konits's claim of municipal liability, the defense of qualified immunity, and the exercise of supplemental jurisdiction over the state law claims.

## CONCLUSION

For the foregoing reasons, we vacate the decision of the district court granting summary judgment to defendants on the First

* Pursuant to the Court's Order of 10/5/04

Amendment retaliation claim and remand the case for further proceedings.